UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SINGULEX, INC.,<br><br>Defendant. | Case No. 4:16-cv-05241-KAW<br><br>**MOTION GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION; ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AS MOOT**<br><br>Re: Dkt. Nos. 36 & 45 |

On January 25, 2019, Defendant Singulex, Inc. filed a motion to compel arbitration or, in the alternative, dismiss the second amended complaint. (Dkt. No. 36.) On February 8, 2019, Plaintiff Vicki Swartzell filed a motion for leave to file a third amended complaint. (Dkt. No. 45.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendant's motion to compel arbitration, and DENIES Plaintiff's motion for leave to amend as moot.

## I. BACKGROUND

One November 3, 2014, Defendant Singulex, Inc. offered Plaintiff Vicki Swartzell the position of Area Business Executive, Wisconsin Territory, beginning on November 6, 2014. (Decl. of Vicki Swartzell, "Swartzell Decl.," Dkt. No. 46 at 37 ¶¶ 14, 17; Offer Letter, Swartzell Decl., Ex. 1) The offer letter stated that Plaintiff would be required to sign an employment agreement, titled "At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement," as a term of her employment. (Offer Letter at 2.) Plaintiff signed and returned the offer letter on or around November 4, 2014. (Swartzell Decl. ¶ 13; Offer Letter at 3.) The Agreement contained provisions to arbitrate virtually all employment-related claims between the

parties." (Agreement § 12A, Swartzell Decl., Ex. 2; Agreement, Decl. of Alyssa McConnell, "McConnell Decl.," Dkt. No. 36-1, Ex. A.) On November 21, 2014, Singulex held a training for new employees, where Plaintiff signed the signature page of the Agreement. (Swartzell Decl. ¶¶ 17-18.) The Agreement contained a severability clause, stating that, "[i]f one or more of the provisions in this Agreement are deemed void by law, then the remaining provisions will continue in full force and effect." (Agreement § 13C.)

On September 13, 2016, this case was filed under seal pursuant to the False Claims Act ("FCA"). Relators, originally identified as Jane Doe and John Doe, brought two FCA counts against Singulex on behalf of the United States, claiming that Singulex, which operated a clinical testing laboratory, undertook a scheme to cause the submission of false claims for payment to the federal health care programs. (Second Am. Compl., "SAC," Dkt. No. 12 ¶ 18.) These claims, Counts I and II, have since been settled and dismissed. (*See* Dkt. Nos. 19 & 33.)

On May 3, 2018, prior to finalizing the settlement of the United States' claims, Swartzell (formerly "Jane Doe"), moved for leave to file a second amended complaint to add a FCA retaliation claim under 31 U.S.C. § 3730(h), and a claim for unpaid wages under Wisconsin law. (Dkt. No. 11.) On June 21, 2018, the Court granted leave to file the SAC, and it was deemed filed as of that date. (Dkt. No. 15.) After the voluntary dismissal of the United States' claims, only Swartzell's personal employment-related claims remain.

On January 25, 2019, Defendant filed a motion to compel arbitration. (Def.'s Mot., Dkt. No. 36) On February 8, 2019, Plaintiff filed her opposition. (Pl.'s Opp'n, Dkt. No. 46.) On February 15, 2019, Defendant filed its reply. (Def.'s Reply, Dkt. No. 47.)

On February 8, 2019, Plaintiff filed a motion for leave to file a third amended complaint. (Dkt. No. 45.) On February 22, 2019, Defendant filed an opposition. (Dkt. No. 49.) On March 1, 2019, Plaintiff filed a reply. (Dkt. No. 51.)

## II. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of a contract." 9 U.S.C. § 2. "Once the court has determined that an arbitration

2

agreement relates to a transaction involving interstate commerce, thereby falling under the FAA, the court's only role is to determine whether a valid arbitration agreement exists and whether the scope of the dispute falls within that agreement." *Ramirez v. Cintas Corp.*, No. C 04-00281 JSW, 2005 WL 2894628, at *3 (N.D. Cal. Nov. 2, 2005) (citing 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

### III. DISCUSSION

In the instant motion, Defendant seeks to compel arbitration consistent with the Arbitration Agreement, while Plaintiff argues separately that the Agreement was signed under duress and is both substantively and procedurally unconscionable. Under California law, the party opposing arbitration bears the burden of proving that the arbitration provision is unenforceable. *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1149 (2013).

#### A. Whether the Agreement was signed under economic duress.[1]

Plaintiff argues that the arbitration agreement is unenforceable on the grounds that it was executed under economic duress, because she only had 48 hours to review the review the Agreement before accepting the offer of employment. (Pl.'s Opp'n at 13-14.) She also contends that her work schedule did not afford her the opportunity to obtain legal counsel by the November 5 deadline to return the signed offer letter. *Id.* at 15. Plaintiff further claims that, at the November 21, 2014 training, she was presented with the Agreement to sign without notice or explanation, and was only given the signature page. *Id.* Plaintiff also claims that she had told a coworker at her former employer that she was going to leave to accept the job at Singulex. (Pl.'s Opp'n at 15 n. 6.) In her declaration, Plaintiff states that this made her concerned that she could be terminated if her employer knew she was going to leave, which weighed into her decision to sign the Agreement. (Swartzell Decl. ¶¶ 15, 23, 24.)

Defendant argues that the Agreement was not a surprise, since Plaintiff was notified in the offer letter that signing the Agreement was a term of her employment, and she was given a copy of it in advance. (Def.'s Reply at 5.) Defendant also disputes Plaintiff's characterization that she had

---

[1] While duress is typically addressed within the procedural unconscionability framework, the Court will address it separately, since Plaintiff raised it as a separate argument.

3

no alternative but to sign the Agreement, since she was gainfully employed by another company prior to signing. *Id.* at 4. Courts have found that there was no economic pressure when the plaintiff was employed elsewhere prior to signing the arbitration agreement. *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1311 (9th Cir. 2006).

The fact that Plaintiff may not have "been permitted to read the agreement" again on November 21, 2014 is not significant. She was notified in the offer letter that she had to sign the Agreement, and she was given a copy of the Agreement in advance of the deadline to sign the offer letter. She signed both the offer letter and the Agreement anyway. Moreover, the fact that Plaintiff may have feared termination because she told a former coworker that she planned on taking the Singulex position has no bearing on whether Singulex's actions caused duress, because any fear of termination was the result of her own actions.

Accordingly, the Court finds that Singulex did not cause Plaintiff economic duress.

### B. Whether the agreement is unconscionable.

Plaintiff contends that the Agreement is not valid and enforceable on the grounds that it is unconscionable under California law. (Pls.' Opp'n at 16.)

"Under the FAA savings clause, state law that arose to govern issues concerning the validity, revocability, and enforceability of contracts generally remains applicable to arbitration agreements." *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013); *see also Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 910 (2015). Thus, under California law, an arbitration agreement may only be invalidated for unconscionability if it is both procedurally and substantively unconscionable. *Kilgore*, 718 F.3d at 1058 (citing *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000)). "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz,* 24 Cal. 4th at 114. "[T]he party opposing arbitration has the burden of proving the arbitration provision is unconscionable." *Higgins v. Superior Court*, 140 Cal.App.4th 1238, 1249 (2006) (quotation omitted).

#### i. Procedural Unconscionability

Procedural unconscionability "addresses the circumstances of contract negotiation and

4

formation, focusing on oppression or surprise due to unequal bargaining power." *Pinnacle Museum Tower Ass'n. v. Pinnacle Market Development*, 55 Cal. 4th 223, 246 (2012); *see also Kilgore,* 718 F.3d at 1059. To establish procedural unconscionability, Plaintiff must demonstrate that she was surprised by some aspect of the agreement, or that her consent to its terms was obtained under coercion or duress. *Sanchez v. Carmax Auto Superstores Ca., LLC*, 224 Cal. App. 4th 398, 402-03 (2014); *Serpa v. Cal. Suerty Investigations, Inc.*, 215 Cal. App. 4th 695, 704 (2013).

### a. Adhesion Contract

Plaintiff contends that because the contract was one of adhesion, it is procedurally unconscionable. (Pl.'s Opp'n 18.) An arbitration agreement, however, is "not rendered unenforceable just because it is required as a condition of employment or offered on a 'take it or leave it' basis." *Lagatree v. Luce, Forward, Hamilton & Scripps*, 74 Cal. App. 4th 1105, 1127 (1999). Though there is a degree of procedural unconscionability when dealing with an adhesion contract due to the naturally oppressive character of adhesion contracts and the lack of a meaningful choice on the part of the employee, adhesion contracts are not per se unenforceable. *See Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975, 981 (2010); *Grant Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332, 1347-48 (2015). "Only when [the agreement's] provisions are unfair does it become unenforceable." *Dotson*, 181 Cal. App. 4th at 975. Thus, even where an adhesion contract is at issue, the court must still find a high degree of substantive unconscionability, in addition to the existing minimal procedural unconscionability due to the adhesiveness of the contract. *Id.* at 982.

The arbitration agreement in question is a standard adhesion contract. It was presented to Plaintiff on a take it or leave it basis, and as a condition of her employment. (Pl.'s Opp'n at 19; Swartzell Decl. ¶ 18.) As a result, in the absence of surprise or duress, at most there would be minimal procedural unconscionability based on the contract of adhesion. *Baltazar v. Forever 21, Inc.*, 62 Cal. App. 4th 1237, 1245 (2016).

### b. Existence of the Arbitration Agreement

Plaintiff argues that she was not given prior notice of the arbitration agreement and was not

informed that she would have to sign an arbitration agreement as a condition of her employment. (Pl.'s Opp'n at 18; Swartzell Decl. ¶ 20.) Specifically, she states that she was presented with the document titled "At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement" at the November 21, 2014 training session, where she was only presented with the signature page. (Pl.'s Opp'n at 19; Swartzell Decl. ¶¶ 17-19.)

Defendant argues that Plaintiff was alerted to the arbitration provisions in the offer letter, which Swartzell admits to reading and signing. (Def.'s Reply at 6 (citing Swartzell Decl. ¶¶ 3, 5).) Furthermore, "Arbitration Agreement" was included in the title of the Agreement, and the arbitration provisions were included under the section titled "Arbitration and Equitable Relief." (Def.'s Reply at 7; Agreement § 12.) As Defendant points out, the Agreement is only eight pages long, two of which are dedicated to the arbitration provision. (Def.'s Reply at 7.)

Defendant's arguments are well taken. Plaintiff's claim of surprise is not believable, because the November 3, 2014 offer letter, which is attached to her supporting declaration, clearly states that, "[a]s a Company employee, you will be expected to abide by Company policies and procedures and are required to sign and comply with an At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement." (Swartzell Decl., Ex. A at 2.)

Regardless, Defendant "was under no obligation to highlight the arbitration clause of its contract, nor was it required to specifically call that clause to [Plaintiffs'] attention." *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 914 (2015). Defendant did so anyway; going so far as to provide Plaintiff notice in the offer letter that she would be bound by arbitration provisions as a term of her employment.

Accordingly, the inclusion of the arbitration provision is not procedurally unconscionable.

### c. American Arbitration Association Rules

Plaintiff also argues that there is additional procedural unconscionability because "a copy of the AAA arbitration rules referenced in the arbitration agreement was not provided to Swartzell nor incorporated by reference." (Pl.'s Opp'n at 19 (citing Swartzell Decl. ¶ 11).) The Court disagrees.

Here, the AAA rules are incorporated by reference to the extent that they apply, as set forth

in the "Procedure" subsection of the arbitration provision. (Agreement § 12B.) When rules governing the arbitration are incorporated by reference, procedural unconscionability only exists when those rules are not explicitly stated in the arbitration agreement *and* the express terms of the non-stated rules are questioned by the challenger. *Baltazar*, 62 Cal. 4th at 1246. Here, while the rules are not explicitly stated, without any substantive discussion, Plaintiff merely argues that the rules were not provided and does not challenge any express term of the AAA rules. The failure to furnish a copy of AAA rules is not facially unconscionable, but it "could be a factor supporting a finding of procedural unconscionability where the failure would result in surprise to the party opposing arbitration." *Lane v. Francis Capital Mgmt. LLC*, 224 Cal. App. 4th 676, 690 (2014). As discussed above, the inclusion of arbitration provisions was clearly indicated on the face of the agreement, and Plaintiff was first notified in the offer letter that she would have to sign an arbitration agreement. *See* discussion, *supra,* Part III.B.i.b.

The failure to provide Plaintiff with a copy of the AAA rules for employment dispute resolution alone does not affect the procedural unconscionability analysis. The Agreement maintains its minimal procedural unconscionability as an adhesion contract. Thus, for the agreement to be unenforceable, the Court must find a high degree of substantive unconscionability.

### ii. Substantive Unconscionability

Plaintiff contends that the arbitration provision is substantively unconscionable, because it is one-sided and, therefore, lacks mutuality. (Pl.'s Opp'n at 19-20.) An arbitration provision is substantively unconscionable if it is "overly harsh" or generates "one-sided" results. *Armendariz*, 24 Cal. 4th at 114. Plaintiffs must prove a "high degree" of substantive unconscionability to avoid arbitration because the Agreement is, at most, minimally procedurally unconscionable.

a. Attorney's Fee Provision

Plaintiff argues that the attorneys' fees provision undermines the "American Rule," which generally holds that a party is responsible for his or her own attorney's fees. (Pl.'s Opp'n at 20.) While the fee provision is contrary to the American Rule, that alone does not make it unconscionable. That said, attorney's fee provisions are unconscionable when they preclude a

7

plaintiff from recovering attorney's fees that the plaintiff would otherwise be entitled to under statutory law. *Laughlin v. VMware, Inc.*, No. 5:11-cv-00530-EJD, 2012 WL 298230, at *5-6 (N.D. Cal. Feb. 1, 2012). Here, the attorney's fee provision requires that the prevailing party recover its fees and costs except as prohibited by law. (Agreement § 12B.)

Despite Defendant's protestation to the contrary, bilateral attorneys' fees shifting clauses are generally unconscionable in the employment context. Indeed, in *Tompkins v. 23andMe, Inc.*, the Ninth Circuit acknowledged that "when an employer imposes mandatory arbitration as a condition of employment, the arbitration agreement or arbitration process cannot generally require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court." 840 F.3d 1016, 1026 (9th Cir. 2016)(quoting *Armendariz*, 24 Cal. 4th at 110-110). "Loser pays" clauses have been properly severed due to unconscionability when the fee-shifting clause puts plaintiffs "who demand arbitration at risk of incurring greater costs than they would bear if they were to litigate their claims in federal court." *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 1004 (9th Cir. 2010); *see also Tompkins,* 840 F.3d at 1026. Namely, absent fee-shifting, a plaintiff would not be "at risk of having to pay the defendant's fees if the suit is unsuccessful." *Pokorny*, 601 F.3d at 1004. Here, Plaintiff's remaining claims are for retaliation and unpaid wages, so, absent the "loser pays" provision, Plaintiff would not be at risk of paying Defendant's attorneys' fees if her suit was unsuccessful.

Accordingly, since Plaintiff would be at greater risk in arbitration, the attorneys' fee-shifting provision is substantively unconscionable.

### b. Mutuality

Plaintiff argues that the exclusion of claims related to Defendant's confidentiality, intellectual property, and non-compete provisions renders the arbitration provision substantively unconscionable. (Pl.'s Opp'n at 20.) Defendant contends that the narrow carve-out for injunctive relief have valid business reasons, and are not unconscionable. (Def.'s Reply at 8.) Here, the arbitration provision excludes claims related to confidential company information, return of company property, and the solicitation of employees, and permits Defendant to file a lawsuit to obtain injunctive relief. (Agreement § 12A.)

The California Supreme Court has found that a one-sided contract is not necessarily unconscionable. "[A] contract can provide for 'a margin of safety' that provides the party with superior bargaining strength a type of extra protection for which it has a legitimate commercial need without being unconscionable." *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1250 (2016)(quoting *Armendariz*, 24 Cal. 4th at 117). In *Baltazar,* the California Supreme Court did not find that the arbitration agreement was unduly harsh or one-sided when it called "for the protection of an employer's confidential information without similarly calling for the protection of the confidential information of employees." 62 Cal. 4th at 1250; *see also Tompkins,* 840 F.3d at 1031 (carve-out for intellectual property claims not unconscionable). Instead, the California Supreme Court held that the basis for the extra measure of protection was a legitimate commercial need to protect the company's trade secrets and proprietary and confidential information from disclosure. *Baltazar,* 62 Cal. 4th at 1250.

Here, Defendant similarly argues that the exclusion of claims to protecting its trade secrets is necessary to protect its business interests. (*See* Def.'s Reply at 8.) Furthermore, while one-sided, it is unlikely that Plaintiff would be inclined to enforce the trade secrets provisions. *Id.* The Court agrees and finds that the limited carve-outs are not substantively unconscionable.

C. **Severability of Unconscionable Provisions**

Even if substantively unconscionable terms are found in an agreement, they do not automatically render the entire agreement unenforceable. *Serpa*, 215 Cal. App. 4th at 710. A court has discretion to either sever an unconscionable provision from an agreement or refuse to enforce the agreement in its entirety. *Pokorny*, 601 F.3d at 1005 (citing *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1180 (9th Cir. 2003)). If the arbitration agreement is "not otherwise permeated by unconscionability, the offending provision, which is plainly collateral to the main purpose of the contract, is properly severed and the remainder of the contract enforced." *Serpa*, 215 Cal. App. 4th at 710 (citing *Roman v. Superior Court*, 172 Cal. App. 4th 1462, 1478 (2009)). Thus, an arbitration agreement is unenforceable only when "the only way to cure the unconscionability is 'in effect to rewrite the agreement,' since courts 'cannot cure contracts by reformation or augmentation.'" *Ajamin v. CantoCO2e, L.P.*, 203 Cal. App. 4th 771, 803 (2012)

United States District Court
Northern District of California

(quoting *Ontiveros v. DHL Express (USA), Inc.*, 164 Cal. App. 4th 494, 515, fn. 16 (2008)).

The court in *Armendariz* weighed three factors in determining whether the unlawful provisions were severable: (1) whether the provision relates to the agreement's chief objective, (2) whether the arbitration agreement contained "more than one unlawful provision" that would suggest a "systematic effort to impose arbitration on an employee simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage;" and (3) a lack of mutuality that permeated the entire agreement. 24 Cal. 4th at 124-125.

Plaintiff does not address severability, and instead argues that the entire arbitration agreement should not be enforced due to procedural and substantive unconscionability. (*See* Pl.'s Opp'n at 21.) To the contrary, courts in this district have found arbitration agreements with multiple unconscionable provisions to be enforceable by severing those unconscionable terms and enforcing the remainder of the agreement. For example, in *Pope v. Sonatype, Inc.*, the district court severed three terms in an employment agreement due to unconscionability—an injunctive relief carve out, a forum selection clause, and a requirement that the plaintiff pay his own attorney's fees—and enforced the remainder to the agreement. 2015 WL 2174033, at *6-7 (N.D. Cal. Aug. 27, 2015).

Here, the arbitration agreement has a severability clause, allowing the Court to sever the unconscionable fee-shifting provision and enforce the remainder of the agreement. (Agreement § 13C.) The Court finds that severance will not disrupt the agreement's chief objective— for the parties to submit any employment dispute arising between them to arbitration before a neutral arbitrator, subject to the AAA's rules for employment disputes. *See Grabowski v. Robinson*, 817 F.Supp. 2d 1159, 1179 (S.D. Cal. 2011) (severing the attorney's fee provision); *Pope*, 2015 WL 2174033, at *6-7 (same). With this provision severed, the AAA rules would govern, per the agreement. Thus, Plaintiff would be able to recover her attorney's fees if she prevails on her claims, in alignment with California law. *See* AAA Employment Arbitration Rules & Mediation Procedures Handbook at 23, https://www.adr.org/Employment (last visited Apr. 1, 2019).

Accordingly, the attorney's fee provision is severed. In the absence of the severed provision, the Court finds that there is no substantive unconscionability, rendering the arbitration

10

1 agreement valid.

### D. Motion for Leave to File an Amended Complaint

Motions to dismiss and motions for leave to file amended complaints fall within the scope of arbitration. (*See* Agreement § 12B.) Accordingly, the motion for leave to file the third amended complaint is mooted by the granting of the motion to compel arbitration. Plaintiff may file a motion for leave to filed the third amended complaint once arbitration is underway.

### IV. CONCLUSION

For the reasons set forth above, having severed the unconscionable fee-shifting provision, the Court finds that the arbitration agreement is now valid and enforceable, and GRANTS Defendant's motion to compel arbitration. The Court hereby stays the proceedings in the instant case pending resolution of the arbitration proceeding. 9 U.S.C. § 3.

Additionally, the Court DENIES AS MOOT Plaintiff's motion to file a third amended complaint.

IT IS SO ORDERED.

Dated: April 3, 2019

KANDIS A. WESTMORE
United States Magistrate Judge