UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SINGULEX, INC.,<br><br>Defendant. | Case No. 4:16-cv-05241-KAW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; ORDER DENYING MOTION TO STRIKE DEFENDANT'S OPPOSITION**<br><br>Re: Dkt. Nos. 56 & 58 |

On April 3, 2019, the Court granted Defendant Singulex, Inc.'s motion to compel arbitration, and denied Plaintiff Vicki Swartzell's motion for leave to file a third amended complaint as moot. (Order, Dkt. No. 54.) On April 11, 2019, Plaintiff filed a motion for leave to file a motion for reconsideration of the Court's April 3 order.

Having considered the moving papers and the relevant legal authority, the Court DENIES the motion for leave to file a motion for reconsideration.

## I. BACKGROUND

One November 3, 2014, Defendant Singulex, Inc. offered Plaintiff Vicki Swartzell the position of Area Business Executive, Wisconsin Territory, beginning on November 6, 2014. (Decl. of Vicki Swartzell, "Swartzell Decl.," Dkt. No. 46 at 37 ¶¶ 14, 17; Offer Letter, Swartzell Decl., Ex. 1.) The offer letter stated that Plaintiff would be required to sign an employment agreement, titled "At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement," as a term of her employment. (Offer Letter at 2.) Plaintiff signed and returned the offer letter on or around November 4, 2014. (Swartzell Decl. ¶ 13; Offer Letter at 3.) The Agreement contained provisions to arbitrate virtually all employment-related claims between the parties." (Agreement § 12A, Swartzell Decl., Ex. 2; Agreement, Decl. of Alyssa McConnell,

1  "McConnell Decl.," Dkt. No. 36-1, Ex. A.) On November 21, 2014, Singulex held a training for

2  new employees, where Plaintiff signed the signature page of the Agreement. (Swartzell Decl. ¶¶

3  17-18.) The Agreement contained a severability clause, stating that, "[i]f one or more of the

4  provisions in this Agreement are deemed void by law, then the remaining provisions will continue

5  in full force and effect." (Agreement § 13C.)

6      On September 13, 2016, this case was filed under seal pursuant to the False Claims Act

7  ("FCA"). Relators, originally identified as Jane Doe and John Doe, brought two FCA counts

8  against Singulex on behalf of the United States, claiming that Singulex, which operated a clinical

9  testing laboratory, undertook a scheme to cause the submission of false claims for payment to the

10  federal health care programs. (Second Am. Compl., "SAC," Dkt. No. 12 ¶ 18.) These claims,

11  Counts I and II, have since been settled and dismissed. (*See* Dkt. Nos. 19 & 33.)

12      On May 3, 2018, prior to finalizing the settlement of the United States' claims, Swartzell

13  (formerly "Jane Doe"), moved for leave to file a second amended complaint to add a FCA

14  retaliation claim under 31 U.S.C. § 3730(h), and a claim for unpaid wages under Wisconsin law.

15  (Dkt. No. 11.) On June 21, 2018, the Court granted leave to file the SAC, and it was deemed filed

16  as of that date. (Dkt. No. 15.) After the voluntary dismissal of the United States' claims, only

17  Swartzell's personal employment-related claims remain.

18      On January 25, 2019, Defendant filed a motion to compel arbitration. On February 8,

19  2019, Plaintiff filed a motion for leave to file a third amended complaint. On April 3, 2019, the

20  Court granted Defendant's motion to compel arbitration and denied Plaintiff's motion for leave to

21  file a third amended complaint as moot. (Order, Dkt. No. 54.)

22      On April 11, 2019, Plaintiff filed a motion for leave to file a motion for reconsideration of

23  the April 3 order. (Pl.'s Mot., Dkt. No. 56.) On April 15, 2019, Defendant filed an opposition.

24  (Def.'s Opp'n, Dkt. No. 57.)

25      On April 17, 2019, Plaintiff filed an objection to Defendant's opposition and moved to

26  strike the opposition on the grounds that was not permitted under Civil Local Rule 7-9(d). (Dkt.

27  No. 58.) On May 1, 2019, Defendant filed an opposition to Plaintiff's objection and motion to

28  strike. (Dkt. No. 59.)

## II. LEGAL STANDARD

District courts possess the "inherent procedural power to reconsider, rescind, or modify an interlocutory order" before entry of final judgment. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); *see also* Fed. R. Civ. P. 54(b) (stating that any order or decision which does not end the action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). Reconsideration is appropriate where: (1) a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which reconsideration is sought; (2) the emergence of new material facts or a change of law after the time of the order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before the interlocutory order. (Civil L.R. 7-9(b).)

## III. DISCUSSION

As an initial matter, the Court DENIES Plaintiff's motion to strike on the grounds that, while the language in Civil Local Rule 7-9(d) does not require that the opposing party file a response, it does not prohibit the filing of one. Civil L.R. 7-1(d) ("Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider.")

Plaintiff seeks leave to file a motion for reconsideration based on four purportedly manifest failures: 1) the Court failed to consider material facts and dispositive legal arguments in finding that Plaintiff was not placed under economic duress; 2) the Court did not consider material facts and dispositive legal arguments in finding that the Arbitration Agreement at issue contained only a minimal degree of procedural unconscionability; 3) the Court failed to apply the proper balancing test required when determining whether the Agreement at issue was so permeated with unlawfulness to render severability inappropriate; and 4) the Court did not consider dispositive legal arguments presented in Plaintiff's Reply Brief in support of the motion for leave to file the third amended complaint in determining that the "motion for leave to file the third amended complaint is mooted by the granting of the motion to compel arbitration." (Pl.'s Mot. at 3-4.)

The Court will address each argument below.

3

**A. Economic Duress**

First, Plaintiff argues that the Court failed to consider that the material fact that the Agreement presented to Plaintiff with the offer letter was materially different in substance than the Agreement signed on November 21, 2014. (Pl.'s Mot. at 4.) Plaintiff cites to the redline version of the November 21, 2014 agreement comparing it to the version of the Agreement furnished with Plaintiff's offer letter on November 3, 2014. *Id.* To the contrary, the only substantive, material difference between the two agreements is that "the Exclusions Database Certification of the later Agreement includes 'an Annual Employee Compliance Certification' form." (Decl. of Alyssa McConnell ISO Def.'s Reply to the Motion to Compel Arbitration, "McConnell Decl.," Dkt. No. 47-1, ¶ 15; Redline Version, McConnell Decl., Ex. E.) The Annual Employee Compliance Certification Form requires the employee to certify that they are not barred from working in the health care industry and are abiding by the company's code of conduct, and have been doing so for the past 12 months. (Redline Version at 12.) All other changes to the Agreement were of the minor reformatting variety, such as tab spacing, case, and heading list styles. There was no substantive change to the arbitration provision. *Id.* at 6-7. Thus, Plaintiff's representation that the November 21, 2014 Agreement was a "materially different and entirely new Agreement" is incorrect. (*See* Pl.'s Mot. at 4.)

Second, Plaintiff contends that the Court improperly relied upon the dissenting opinion in *Nagrampa v. MailCoups, Inc.,* 469 F.3d 1257, 1282 (9th Cir. 2006), in determining that Plaintiff was gainfully employed and, therefore, did not suffer economic duress. (Pl.'s Mot. at 6.) While the Court cited to a dissenting opinion as an example, the dissent is in line with more recent cases concerning economic duress, so that does not materially alter the analysis. "The elements of economic duress are: (1) a sufficiently coercive wrongful act on the part of the defendant; (2) no reasonable alternative on the part of the plaintiff; (3) knowledge of the plaintiff's economic vulnerability; and (4) actual inducement to contract." *Tanner v. Kaiser Found. Health Plan, Inc.*, No. C 15-02763-SBA, 2016 WL 4076116, at *4 (N.D. Cal. Aug. 1, 2016); *see also Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1119 (9th Cir. 2018). In *Hicks*, the Ninth Circuit found that there was no economic duress in the adhesive contract the golf caddies were required to sign to work on the

4

1 PGA Tour. 897 F.3d at 1119. Specifically, the caddies knew their uniforms required them to wear the Tour's bibs displaying sponsorship information. *Id.* This was despite the fact that the caddies would have been precluded from employment at the highest level, and likely the only level where caddies are well compensated. *See id.* Instead, the Ninth Circuit found that the allegation that they were coerced on the threat of extreme economic hardship was not plausible based on that knowledge. *Id.* at 1120.

Here, Plaintiff was in a far less precarious situation than the *Hicks* caddies, because she was gainfully employed when she was offered the position with Singulex. Furthermore, Plaintiff significantly contributed to her purported economic duress by telling a coworker that she was going to leave to accept the job at Singulex. (Order at 3.) Thus, Plaintiff has not established any dire economic conditions, such as imminent bankruptcy or financial ruin, except potentially that of her own making. *See Tanner,* 2016 WL 4076116, at *5. To the extent that this was a contract of adhesion, the undersigned sufficiently addressed that issue, and found that, in the absence of duress caused by Singulex, there is minimal procedural unconscionability. *Id.* at 5.

Accordingly, the Court did not err in finding that Plaintiff did not suffer economic duress.

### B. Degree of Procedural Unconscionability

Here, Plaintiff reiterates her argument that there were substantive differences in the two Agreements rendering the November 21 Agreement "entirely new." (Pl.'s Mot. at 4, 6.) As discussed above, Plaintiff is incorrect. *See* discussion, *supra,* Part III.A.

### C. Unconscionability Balancing Test

Plaintiff argues that the high degree of procedural unconscionability requires that she only demonstrate a minimal degree of substantive unconscionability, which would have rendered the Agreement unenforceable. (Pl.'s Mot. at 8.) Even if true, any error in determining the degree of procedural unconscionability would be harmless, because, with the severance of the unconscionable fee-shifting provision, the Agreement had no substantive unconscionability. (*See* Order at 10-11.)

///

///

5

### D. Arguments presented in Plaintiff's Reply to the motion for leave to file the third amended complaint

Lastly, Plaintiff argues that the Court erred in determining that Plaintiff's motion for leave to file the third amended complaint was mooted by the granting of the motion to compel arbitration. (Pl.'s Mot. at 8.) Instead, Plaintiff contends that the Court should have considered Plaintiff's argument in her Reply in support of the motion for leave to amend. *Id.* This argument is unavailing for three reasons.

First, the proper procedure would have been for Plaintiff to file a motion for leave to file a sur-reply to the motion to compel.

Second, the Court did not address the motion for leave to amend on the merits. Rather, the Court found that the motion fell within the scope of arbitration, because the Agreement clearly provided that "the arbitrator shall have the power to decide any motions brought by any party to the arbitration . . . prior to any arbitration hearing," and appropriately advised Plaintiff that she may file a motion for leave to amend once the arbitration process commenced. (Order at 11.) Thus, the denial was without prejudice. *See id.*

Third, even if the Court had considered the merits, Plaintiff argued in her Reply that amendment was not futile, because her "claims are *not* subject to arbitration. (Dkt. No. 51 at 11) (emphasis in original.) Alternatively, even if they were subject to arbitration, Plaintiff argued that leave to amend should still be granted. *Id.* Plaintiff's reliance on *Lee v. Postmates, Inc.* for this proposition, however, is misplaced. As an initial matter, *Postmates* is not binding. Moreover, it is distinguishable on the facts. While *Postmates* involved both a motion to compel arbitration and a motion for leave to amend, the plaintiff sought to amend her complaint to add additional representative plaintiffs who had opted out of the arbitration provisions, so that the class claims could proceed even if she was required to arbitrate her own claims. 2018 U.S. Dist. LEXIS 176965, at * 8.[1]  Here, Plaintiff is seeking leave to amend to add additional, individual

---

[1] The Court notes that the *Postmates* arbitration provision explicitly stated that "[t]he arbitrator may hear motions to dismiss and/or motions for summary judgment and will apply the standards of the Federal Rules of Civil Procedure governing such motions[.]" Postmates Fleet Agreement, *Lee v. Postmates, Inc.*, Case No. 18-cv-03421-JCS (N.D. Cal. Jul. 20, 2018), ECF No. 14-3 at 12. Unlike the Singulex Agreement, it does not authorize the arbitrator to hear "any motion," which may have contributed to the magistrate judge's decision to grant leave to amend to add the

employment claims, which fall squarely within the scope of the Agreement and must be resolved by the arbitrator. (*See* Dkt. No. 45 at 4.)

Accordingly, the undersigned did not err in not considering the arguments raised in Plaintiff's reply to the motion for leave to file a third amended complaint.

### IV. CONCLUSION

For the reasons set forth above, the Court did not manifestly fail to consider material facts and dispositive legal arguments in granting Singulex's motion to compel arbitration. Accordingly, Plaintiff's motion for leave to file a motion for reconsideration is DENIED.

Additionally, Plaintiff's motion to strike Defendant's opposition to the motion for leave to file a motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: May 3, 2019

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge

---

additional parties who were not subject to the arbitration provisions.